**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**JUNE 1998 SESSION**

FILED

July 14, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **THOMAS MICHAEL STONE,** | ) | **C.C.A. NO. 02C01-9711-CC-00433** |
| | ) | |
| Appellant, | ) | |
| | ) | **HENRY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JULIAN P. GUINN,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-conviction) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF HENRY COUNTY**

FOR THE APPELLANT:

**VICKI H. HOOVER**
123 N. Poplar St., Ste. A
Paris, TN  38242

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**PETER M. COUGHLIN**
Asst. Attorney General
425 5th Avenue North
Nashville, TN  37243

**ROBERT RADFORD**
District Attorney General
P.O. Box 686
Huntingdon,  TN 38344

OPINION FILED:_____

**AFFIRMED**

**DAVID H. WELLES, JUDGE**

# **O P I N I O N**

The Defendant, Thomas Michael Stone, was indicted for rape of a child, rape, and incest, and convicted by a jury of all three charges. The convictions were affirmed on direct appeal. State v. Thomas Michael Stone, C.C.A. No. 02C01-9503-CC-00063, Henry County (Tenn. Crim. App., Jackson, Dec. 13, 1995). In this post-conviction relief proceeding filed on October 10, 1996, the Defendant contends that he received ineffective assistance of counsel at trial and on appeal. After an evidentiary hearing, the post-conviction court denied relief. Upon our review of the record, we affirm.

The Defendant specifically alleges that his trial counsel was ineffective in the following particulars:

(1) Failing to object to alleged hearsay testimony;

(2) Failing to call a lab technician as a witness;

(3) Failing to call character witnesses;

(4) Failing to attack the credibility of two of the State's witnesses;

(5) Failing to effectively cross-examine the victim and the State's expert witness;

(6) Failing to offer an independent expert witness;

(7) Failing to move for a change of venue;

(8) Failing to move to dismiss the indictment and to object to the amended indictment;

(9) Failing to move to sever the charges; and

(10) Failing to assist him in preparing his appeal.

At the evidentiary hearing, the trial court heard testimony from the

2

Defendant's trial counsel (who also filed his direct appeal), the Defendant's mother, and the Defendant. The trial court also reviewed the transcript of the trial. In denying the Defendant's claim for relief, the court ruled that no inadmissible hearsay had been admitted as alleged; that the failure to call the lab technician was irrelevant; that the prejudicial effect of the failure to call character witnesses had not been proved; that the credibility of one of the referenced witnesses had been sufficiently impeached and that the alleged impeachment evidence against the other had not been proven; that defense counsel's cross-examination was proper; that the prejudicial effect of not calling an independent expert witness had not been proved; that the Defendant had not proven any error in the appeal; that counsel had no grounds for a change of venue or for a severance of charges; and that defense counsel had not erred with respect to challenging the indictment. In conclusion, the trial court stated that "trial counsel's performance in every aspect of this trial met and exceeded that range of competence demanded of attorneys in criminal cases."

We first note that in reviewing the Defendant's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a Defendant "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984);

3

Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). We note further that in this post-conviction relief proceeding, the Defendant has the burden of proving the allegations in his petition by clear and convincing evidence, Tenn. Code Ann. § 40-30-210(f); and the factual findings of a trial court after an evidentiary hearing "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

In this case, the Defendant alleged that his trial lawyer was deficient by, among other things, failing to call certain witnesses. Because he did not call these witnesses to testify at the post-conviction evidentiary hearing, however, he adduced no proof as to how they would have been helpful to his case. Accordingly, he has failed to prove any prejudice resulting from his lawyer's decision not to call them at trial. These allegations are, therefore, without merit. The remaining conduct of which the Defendant complains amount to tactical decisions and/or strategy calls. This Court should not second-guess trial counsel's tactical and strategic choices unless those choices were uninformed because of inadequate preparation, Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); and counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 280 (Tenn. Crim. App. 1980). The Defendant has simply failed to clearly and convincingly prove that his lawyer's performance was the result of inadequate

4

preparation or that he failed in any other respect to meet the "objective standard of reasonableness." These allegations are therefore also without merit.

The trial court having correctly denied relief, we affirm the judgment below.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE